IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-1686 |
| | : | |
| JOHN WETZEL, *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                              **March 4, 2021**

Congress requires prisoners seeking habeas relief from a state court conviction file their habeas petition within 365 days of the challenged final judgment. We omit days from this calculation for those days the petitioner proceeded in the state appellate courts. We can excuse untimely filing if the petitioner shows grounds for us to find equitable tolling or actual innocence. We today address a prisoner's petition untimely by several weeks. The Commonwealth argues his petition is untimely. The prisoner did not respond to the Commonwealth's arguments even after we granted him several months of extensions. Absent grounds to allow a finding of equitable tolling or actual innocence, we must follow Congress's mandate and deny and dismiss the untimely petition for habeas relief from a state court judgment. We also deny a certificate of appealability.

**I.      Facts**

Nineteen-year old Kevin Williams invited two strangers, Dawud Abdul-Hakim and an unidentified man, to smoke marijuana in his car on October 20, 2010.[1] Stranger Abdul-Hakim, carrying a .40 caliber Glock pistol, told Mr. Williams he wanted to rob somebody before he went home.[2] Mr. Williams drove west on Jackson Street in Philadelphia until Mr. Abdul-Hakim identified three potential victims—Jason Moncrief, Andrew Lillie, and Anthony DeMarco Jr.—

walking north on Second Street towards Jackson Street at around 11:20 p.m.[3] The unidentified man told Mr. Williams to stop the car.[4] The unidentified man and Mr. Abdul Hakim got out, and the unidentified man told Mr. Williams to stay in the car and wait for them.[5] The unidentified man and Mr. Abdul-Hakim walked slowly, waiting for their three targets to catch up.[6] Mr. Williams backed his car onto nearby Phillip Street, kept his car running, and turned off his headlights.[7]

The unidentified man grabbed the approaching Mr. Moncrief.[8] Mr. Abdul-Hakim grabbed and held Mr. DeMarco at gunpoint.[9] The unidentified man and Mr. Abdul-Hakim demanded Messrs. Moncrief, Lillie, and DeMarco give up their money, and the unidentified man went through Mr. Moncrief's pockets and took $50.[10] When Mr. DeMarco refused to turn over his belongings, Mr. Abdul-Hakim hit him in the back of the neck with his gun.[11] Mr. DeMarco fought back, punching Mr. Abdul-Hakim repeatedly, wrestling him to the ground, and causing him to drop the gun.[12] The unidentified man recovered the gun, told Mr. DeMarco to get off Mr. Abdul-Hakim, and fired six shots.[13] One shot hit Mr. Abdul-Hakim in the hip and four hit Mr. DeMarco—once in his left flank, once in his left hip, once in his mid-back, and once in his upper left back.[14] All of the men other than Mr. Demarco fled the scene.[15] Mr. Williams drove west on Jackson Street, and Mr. Abdul-Hakim and the unidentified man ran in the same direction.[16] Messrs. Moncrief and Lillie ran south on Second Street.[17]

Thomas Jefferson University Hospital pronounced Mr. DeMarco dead at 12:07 a.m.[18] Assistant Medical Examiner Dr. Aaron Rosen performed an autopsy and identified homicide as the cause of death.[19]

Police brought Mr. Williams in for questioning on November 12, 2010 at 1:30 a.m.[20] About nine hours later, they *Mirandized* and questioned him.[21] Mr. Williams gave a detailed

statement to the police, in which he confessed to dropping off Mr. Abdul-Hakim and the unidentified male with the understanding they intended to rob the three approaching men.[22] He confessed to waiting for his two new companions while they robbed the three men at gunpoint, but claimed he fled when he heard gunshots without first picking up Mr. Abdul-Hakim and the unidentified man.[23]   The Commonwealth charged Mr. Williams with murder, criminal conspiracy, robbery, violation of the Uniform Firearms Act, attempted theft, simple assault, recklessly endangering another person, and possessing the instrument of a crime.[24]   The Commonwealth first tried Mr. Williams jointly with Mr. Abdul-Hakim in front of a jury in September 2012.[25]   Judge Lillian Harrison Ransom declared a mistrial on October 9, 2012 because the jury could not reach a unanimous verdict on most charges.[26]

The Commonwealth tried Mr. Williams and Mr. Abdul-Hakim jointly again in front of Judge Ransom in November 2013. This second jury convicted Mr. Williams of murder in the third degree, criminal conspiracy, and three counts of robbery on November 26, 2013.[27]

Judge Ransom sentenced Mr. Williams on January 16, 2014 to twenty to forty years incarceration for murder in the third degree, a consecutive five to ten years for criminal conspiracy, a consecutive ten to twenty years for the first robbery, and five to ten years concurrent for each of the other robbery counts for a total of thirty-five to seventy years.[28]  Mr. Williams appealed the judgment of sentence, challenging the sufficiency of the evidence against him and arguing the excessiveness of sentence in light of recent case law.[29]  The Pennsylvania Superior Court affirmed the judgment of sentence on November 6, 2015.[30]  Mr. Williams did not file an allowance of appeal with the Pennsylvania Supreme Court.

With the assistance of counsel, Mr. Williams filed a petition under the Post-Conviction Relief Act ("PCRA") on December 1, 2016.[31]   The Commonwealth moved to dismiss the

petition on July 31, 2017, and Mr. Williams responded on November 14, 2017.[32] After reviewing the record, Judge O'Keefe sent a Rule 907 notice of intent to dismiss the petition to Mr. Williams and his attorney.[33] Mr. Williams objected, and after a second review of the record, Judge O'Keefe dismissed his petition on January 17, 2018.[34] Mr. Williams, again assisted by counsel, filed a Notice of Appeal on January 25, 2018.[35] The Pennsylvania Superior Court affirmed the denial of Mr. Williams's PCRA petition on October 15, 2018.[36] The Pennsylvania Supreme Court denied Mr. Williams's request for discretionary review on March 26, 2019.[37]

**II.     Analysis**

Mr. Williams now seeks *habeas corpus* relief with the assistance of counsel, asserting his trial counsel rendered constitutionally ineffective assistance by: (1) failing to object to the recitation of Mr. Hakim-Abdul's police statement to the jury; (2) failing to object to confusing, misleading, and ambiguous jury instructions for his charge of murder in the third degree; and (3) failing "to advance and preserve the claim that the trial judge denied him due process and committed a legal error by imposing an excessive sentence."[38]

The Commonwealth moves to dismiss Mr. Williams's habeas petition, arguing the statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") bars his claim.[39] The Commonwealth does not dispute the substance of Mr. Williams's petition.[40] Mr. Williams failed to file a reply even after we granted him several extensions.[41] He has not refuted the Commonwealth's argument regarding the timeliness of his petition. As we agree with the Commonwealth Mr. Williams's petition is time-barred, we dismiss his petition without addressing the substance of his claims.

A.     **Mr. Williams's habeas claim is untimely.**

Mr. Williams's claim falls outside the statute of limitations period set by Congress in the AEDPA:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[42]

We toll this one-year period of limitation when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent claim is pending."[43]

Mr. Williams does not allege an impediment to timely filing created by State action, a newly recognized constitutional right, or the discovery of new evidence. As such, the statute of limitations began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review."[44] Judge Ransom entered the judgment of sentence on January 14, 2014. The Pennsylvania Superior Court affirmed the judgment on November 6, 2015.[45] Mr. Williams then had thirty days to seek review from the Pennsylvania Supreme Court,[46] giving him until Monday, December 7, 2015 to seek review. As he did not seek review from the Pennsylvania Supreme Court, his "judgment" became final and started the clock on the one-year statute of limitations period on December 7, 2015.

Mr. Williams timely filed a petition for post-conviction relief in the Court of Common Pleas 360 days later on December 1, 2016, tolling the limitations period during the pendency of the post-conviction petition. But when the Pennsylvania Supreme Court denied discretionary review of his petition on March 26, 2019, the statute of limitations period began running once again with five days left on the limitations period. Five days later on April 1, 2019, the 365-day limitations period expired. As Mr. Williams did not file his petition until April 18, 2019, his petition is time-barred unless equitable tolling applies, or he can show actual innocence.

### B.    Equitable tolling does not apply.

We will not equitably toll the statute of limitations. In limited circumstances, we may equitably toll the AEDPA limitations period. Our Court of Appeals cautions us to "be sparing" and apply equitable tolling "only in the rare situation where [it] is demanded by sound legal principals as well as the interests of justice."[47] To determine whether equitable tolling is appropriate, we ask whether: (1) the state actively misled the petitioner into believing he had done everything required of him to assert his rights; (2) the petitioner has, in some extraordinary way, been prevented from asserting his rights; or (3) the petitioner timely asserted his rights but in the wrong forum.[48]

Mr. Williams does not adduce evidence of active deception by the Commonwealth, an extraordinary barrier to timely asserting his rights, or a mistake of forum. Mr. Williams provides no basis for us to equitably toll the statute of limitations. We decline to do so.

### C.    Mr. Williams does not adduce evidence of actual innocence.

We do not apply the statute of limitations if the petitioner can establish "actual innocence."[49] A petitioner establishes actual innocence if he presents new evidence showing it is more likely than not that no reasonable juror would have convicted the petitioner.[50] Mr.

Williams does not offer new evidence showing no reasonable juror would have convicted him. We find no evidence of actual innocence.

    **D.    We deny a certificate of appealability.**

We also find no basis for a certificate of appealability. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition."[51] Section 2253 provides the standard for a certificate of appealability required for appellate review of a district court's judgment denying habeas relief:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[52]

A certificate of appealability "will issue only if the requirements of § 2253 have been satisfied."[53] A habeas petitioner seeking a certificate of appealability "need only demonstrate 'a substantial showing of the denial of a constitutional right.'"[54] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

7

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[55]

Federal Rule of Appellate Procedure 22 contemplates a district court issuing a certificate of appealability in the first instance:

> (b) Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.[56]

Given the standard we apply today to untimely habeas challenges absent evidence allowing us to find equitable tolling or actual innocence, we cannot find jurists of reason could disagree with our reasoning in denying the petition. Mr. Williams has not met his burden in showing a reasonable jurist would disagree with the denial of the petition.

### III. Conclusion

We deny Mr. Williams's untimely petition for *habeas corpus* relief.

---

[1] *Commonwealth of Pa. v. Williams*, No. 1802 EDA 2014, 2015 WL 6870629, at *1 (Pa. Super. Ct. Nov. 6, 2015); (N.T. 11/22/2013, 77-79).

[2] *Id.*, at *1.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] N.T. 11/22/2013 at 96.

[21] *Id.* at 70-72, 96.

[22] *Id.* at 80-84.

[23] *Id.*

[24] *Commonwealth of Pa. v. Williams*, CP-51-CR-0002781-2011, at *1 (Pa. Ct. C.P. 1st Jud. Dist. Feb. 22, 2018).

[25] *Id.*

[26] N.T. 10/09/12 at 5-7, 11.

[27] N.T. 11/26/2013 at 17.

[28] Order-Sentencing, *Commonwealth of Pa. v. Williams*, Dkt. No. CP-51-CR-0002781-2011 (Pa. Ct. C.P. Crim. Div. Jan. 16, 2014).

[29] *Williams*, 2015 WL 6870629, at *2.

[30] *Id.*, at *1.

[31] *Williams*, CP-51-CR-0002781-2011, at *2.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Williams*, 2018 WL 4957405.

[37] *Commonwealth of Pa. v. Williams*, 651 Pa. 428 (Pa. 2019).

[38] ECF Doc. No. 1.

[39] ECF Doc. No. 11.

[40] *Id.*

[41] ECF Doc. Nos. 13, 15, 17.

[42] 28 U.S.C. § 2241(d).

[43] *Id.* § 2241 (d)(2).

[44] *Id.* § 2241(d).

[45] *Williams*, 2015 WL 6870629.

[46] Pa. R.A.P 113(a).

[47] *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

[48] *Fernandez v. Estock*, No. 19-5780, 2021 WL 753703, at *3-4 (E.D. Pa. Feb. 26, 2021).

[49] *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

[50] *Id.* at 394-95.

[51] *Miller-El v. Cockrell*, 537 U.S. 322, 335-37 (2003) (citing 28 U.S.C. § 2253).

[52] 28 U.S.C. § 2253 (2021).

[53] *Miller-El*, 537 U.S. at 336.

[54] *Id.* at 327 (citing 28 U.S.C. § 2253(c)(2)).

---

[55] *Id.* at 323 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[56] Fed. R. App. P. 22(b)(1).